1  DONNA M. MEZIAS (SBN 111902)
   DOROTHY F. KASLOW (SBN 287112)
2  dmezias@akingump.com
   dkaslow@akingump.com
3  AKIN GUMP STRAUSS HAUER & FELD LLP
   580 California Street, Suite 1500
4  San Francisco, CA 94104
   Telephone:    415-765-9500
5  Facsimile:    415-765-9501

6  Attorneys for Defendant
   HOME DEPOT U.S.A., INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA DAVEY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT USA, INC., a Delaware corporation and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453<br><br>[Declarations of Dorothy F. Kaslow and G. Edward Anderson, Ph.D., Certification of Interested Parties, and Civil Cover Sheet filed concurrently]<br><br>(*Contra Costa County Superior Court, Case No. CIVMSC20-01093*)<br><br>Date Action Filed: June 9, 2020<br>Amended Complaint Filed: August 4, 2020 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Home Depot U.S.A., Inc. ("Home Depot") hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. In support, Home Depot states as follows:

1.  On June 9, 2020, the above referenced action was filed and is currently pending against Home Depot in the Superior Court of California, County of Contra Costa, Case No. C2001093. Declaration of Dorothy F. Kaslow ("Kaslow Decl.") ¶ 2 & Ex. A. An Amended Complaint ("Am. Compl.") was filed August 4, 2020. *Id.* Home Depot accepted service of the Amended Complaint via Notice and Acknowledgment of Receipt of Summons and Complaint on September 16, 2020. *Id.* On October 2, 2020, plaintiff filed a request for continuance of the initial status conference, proposed order, and case management statement. *Id*. & Ex. B. No other process, pleadings, or orders have been served upon defendant as part of Case No.C2001093. *Id*. ¶ 4. As required by 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon defendant as part of the above action are attached to the Kaslow Declaration, filed concurrently in support of this Notice of Removal.

2.  Plaintiff Lisa Davey ("plaintiff") was formerly employed by Home Depot as a nonexempt employee. Am. Compl. ¶ 22. She alleges that Home Depot failed to provide meal and rest periods, failed to pay meal and rest break premiums, failed to provide wages when due, failed to provide accurate itemized wage statements, and that Home Depot violated California's unfair competition law. *Id.* ¶¶ 28-44. She also seeks penalties for Labor Code violations under the Private Attorneys General Act. *Id*. ¶¶ 79-84.

3.  Plaintiff seeks to bring this action on behalf of a class consisting of "[a]ll current and former California non-exempt employees of Defendants who received non-discretionary remuneration, including but not limited to "Success Sharing Bonus" and "Homer Award(s)" and was paid any meal and rest period premium payments in the same period that the non-discretionary remuneration was earned, at any time between May 26, 2016 through the present" (the "putative class"). Am. Compl. ¶ 10. Plaintiff also seeks to represent subclasses of the putative class, including a "Meal Period

1

Subclass," a "Rest Period Subclass," a "Wage Statement/Regular Rate Subclass," a "Waiting Time Penalty Subclass," and an "Unfair Business Practice Subclass." *Id.* ¶ 11. Members of the subclasses are subsumed within the putative class. *Id.* ¶ 13.[1]

4. <u>Timeliness</u>. Plaintiff filed his Amended Complaint in Contra Costa County Superior Court on August 4, 2020. Kaslow Decl. ¶ 2 & Ex. A. Home Depot accepted service of the Amended Complaint via Notice and Acknowledgment of Receipt of Summons and Complaint on September 16, 2020. *Id.* Home Depot's Notice of Removal is therefore timely because it is being filed within 30 days of service of the complaint. *See* 28 U.S.C. § 1446(b).

5. <u>Jurisdiction</u>. This is a civil action over which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441. Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated controversy exceeds $5,000,000 (exclusive of costs and interest). 28 U.S.C. § 1332(d)(2), (d)(6), and (d)(11)(B)(i). These criteria are satisfied here.

6. <u>Class Size.</u> Since May 26, 2016, over 50,000 non-exempt employees were employed by Home Depot in California and received a Success Share bonus and a meal break premium payment during the eligible Success Share bonus period. Declaration of G. Edward Anderson, Ph.D. ("Anderson Decl."), filed and served concurrently, ¶ 5.[2] Thus, the putative class includes more than 100 individuals.

---

[1] Home Depot denies plaintiff's allegations and disputes that this action is appropriate for class treatment. However, for purposes of estimating the amount in controversy, the allegations of plaintiff's complaint are assumed to be true. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.") (citations omitted) (emphasis in original).

[2] A defendant may make the requisite showing by setting forth facts in the notice of removal or by affidavit. *See Lamke v. Sunstate Equip. Co.*, 319 F. Supp. 2d 1029, 1032 (N.D. Cal. 2004).

7. <u>Diversity of Citizenship</u>.  At all relevant times, there has been diversity of citizenship between the parties to the action.  "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices."  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (internal citations omitted).  Minimal diversity exists if any class member is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2).

8. The putative class includes citizens of California, including plaintiff.  Am. Compl. ¶¶ 6, 10, 11 (plaintiff resides in California).  Throughout her employment with Home Depot, plaintiff maintained a California residential address on file with Home Depot and worked in Concord, San Ramon, Pittsburg, Brentwood, Hercules, and Martinez, all within California.  Declaration of Deborah Mosunich ("Mosunich Decl."), filed concurrently, ¶ 4; Am. Compl. ¶ 6.  Her employment and residence in California conclusively establish California citizenship.  *See Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1105 (D. Or. 2012) (residential address provided by employee to employer is prima facie evidence of citizenship); *Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 823, 826-27 (D. Nev. 1988) (plaintiff was a California citizen primarily because of continuous California residence over multiple years).

9. Further, plaintiff seeks to represent a class consisting of thousands of current and former California employees.  Am. Compl. ¶¶ 10-11; Anderson Decl. ¶ 5.  This putative class logically includes other California citizens as well.

10. Home Depot is not a citizen of California.  "[A] corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business…."  28 U.S.C. § 1332(c)(1).  Home Depot is not incorporated in California.  Mosunich Decl. ¶ 2.  Home Depot is a Delaware corporation and its headquarters is in Atlanta, Georgia.  *See id.*; *Ottaviano v. Home Depot, Inc., U.S.A.*, 701 F. Supp. 2d 1005, 1007 (N.D. Ill. 2010) (Home Depot "is a Delaware corporation with its principal executive offices located in Atlanta, Georgia"); *Novak v. Home Depot U.S.A., Inc.*, 259 F.R.D. 106, 108 (D.N.J. 2009) (Home Depot "is a Delaware corporation with its principal offices located in Georgia").  Nor is California the state in which Home Depot has its principal place of business, which is "the place where a corporation's

3
DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453

officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Rather, Home Depot's principal place of business is Atlanta, Georgia. Mosunich Decl. ¶ 2; *Ottaviano*, 701 F. Supp. 2d at 1007; *Novak*, 259 F.R.D. at 108.

11. Defendants DOES 1-50 are unidentified. Am. Compl. ¶ 8. Because there is "no information as to who they are or where they live or their relationship to the action[, it is] proper for the district court to disregard them" for the purposes of removal. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citations omitted).

12. Accordingly, this action involves citizens of different states: plaintiff is a citizen of California (and seeks to represent other California citizens) and Home Depot is a citizen of Delaware and Georgia. The CAFA minimal diversity requirement is therefore satisfied. *See* 28 U.S.C. § 1332(d)(2).

13. <u>Amount in Controversy</u>. Home Depot avers, for purposes of this Notice only and without conceding liability for the claims alleged by plaintiff or that plaintiff can properly represent the putative class, that plaintiff's claims place more than $5 million in controversy. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (on removal, defendant does not "concede liability for the entire amount" alleged in complaint); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial … because they are not stipulating to damages suffered"). As the United States Supreme Court has held, a defendant's notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Moreover, the Ninth Circuit has instructed that removal is proper if, based on the allegations of the complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $5 million. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" in

some circumstances). In determining whether the amount in controversy is met, the Court considers all requested relief, "including … punitive damages, statutory penalties, and attorneys' fees." *Lake v. Delta Air Lines, Inc.*, No. SACV 10-1775 DOC(Ex), 2011 WL 3102486, at *4 (C.D. Cal. July 22, 2011). Under this standard, the amount in controversy is satisfied.[3]

14. In the Third Cause of Action, plaintiff seeks waiting time penalties pursuant to California Labor Code section 203 for Home Depot's alleged failure to pay all wages due to putative class members at the end of their employment. Am. Compl. ¶¶ 60-63 & Prayer for Relief, Third Cause of Action, ¶¶ 1-3. For this claim, plaintiff seeks to represent a subclass of "[a]ll Class Members who have been employed by Defendants at any time between May 2017 and the present and have separated their employment." Am. Compl. ¶ 11 (the "Waiting Time Penalty Subclass"). Under section 203, former employees who are willfully denied wages due at termination may recover penalties in the amount of their daily rate of pay for a period of up to thirty days. Cal. Lab. Code § 203; *see also* Am. Compl. ¶ 62. Plaintiff alleges that "[d]uring the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ." Am. Compl. ¶ 62. Plaintiff further alleges that, as a result, class members are entitled to waiting time penalties pursuant to Labor Code section 203. *Id.* ¶ 63; Prayer for Relief, Fourth Cause of Action, ¶¶ 1-3 (demanding statutory penalties pursuant to Labor Code § 203).

15. Plaintiff claims class members were not properly compensated for meal period violations because Home Depot allegedly "failed to compensate Class Members, one additional hour of pay at their the [*sic*] correctly calculated rate as required by California law when meal periods were not timely or lawfully provided in a compliant manner." Am. Compl. ¶ 35. Plaintiff also alleges that

---

[3] Plaintiff alleges that the aggregate claim, including attorneys' fees, is under the $5 million dollar CAFA threshold. Am. Compl. ¶ 4. However, "a plaintiff seeking to represent a putative class [cannot] evade federal jurisdiction by stipulating that the amount in controversy [falls] below the jurisdictional minimum." *See Rodriguez*, 728 F.3d at 981; *see also Vasquez v. First Student, Inc.*, No. 2:14-CV-06760-ODW(Ex), 2014 U.S. Dist. LEXIS 168295, at *7 (C.D. Cal. Dec. 3, 2014) ("Plaintiff's cap on the amount in controversy should be disregarded and the Court should apply the preponderance of the evidence standard with respect to the amount in controversy.").

5
DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453

"as a matter of corporate policy and procedure" Home Depot "regularly failed to pay the meal period premium at the correct rate of pay." *Id.* Specifically, plaintiff alleges that Home Depot "improperly paid meal period premiums at the base rate of pay" and failed to factor in non-discretionary incentive pay, "including but not limited to 'Success Sharing Bonuses.'" *Id.*

16. Under plaintiff's theories, all putative class members whose employment has ended since May 26, 2017 (e.g., members of the Waiting Time Penalties Subclass) are entitled to recover waiting time penalties equal to 30 days of wages.[4] *See*, *e.g.*, *Schuyler v. Morton's of Chi., Inc.*, No. CV 10-06762 ODW (JCGx), 2011 WL 280993, at *5 (C.D. Cal. Jan. 25, 2011) (appropriate to assume 100 percent violation rate for full 30 days of waiting time penalties where complaint alleges multiple wage violations that were never paid); *Oda v. Gucci Am., Inc.*, No. 2:14-cv-7468-SVW (JPRx), 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (assumption of maximum penalties proper).

17. At least 7,000 putative class members terminated employment with Home Depot since May 26, 2017, are members of the putative Waiting Time Penalties Subclass, and potentially eligible to recover section 203 penalties. Anderson Decl. ¶ 6. These individuals earned, on average, daily wages of approximately $96.81. *Id.* Assuming only half of the Waiting Time Penalties Subclass members are entitled to waiting time penalties, the amount of waiting time penalties in controversy exceeds $10 million ($96.81 x 30 x 3,500 = $10,165,050).

18. Thus, even by conservative estimates, and calculating waiting time penalties alone, the $5,000,000 CAFA threshold is met. *See*, *e.g.*, *Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BTM(JMA), 2008 WL 4104475, at *1 (S.D. Cal., Sept. 2, 2008) (amount in controversy satisfied where estimated class size multiplied by statutory penalty for alleged violations exceeded $5 million).

19. Plaintiff also alleges in his first and second causes of action that Home Depot failed to pay meal and rest break premiums and failed to pay such premiums at the correct rate. Plaintiff also alleges in his fourth cause of action that Home Depot failed to provide accurate itemized wage statements. Each of these causes of action place additional amounts in controversy. Home Depot has

---

[4] A three-year statute of limitations applies to claims for penalties under section 203. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1395-96 (2010).

6
DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453

not attempted in these removal papers to quantify the additional amounts these claims place in controversy because the CAFA threshold is met without considering these claims.

20.     Plaintiff also seeks attorney's fees (Am. Compl. ¶¶ 52, 58, 78; Prayer for Relief), which are part of the amount in controversy as well. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[I]f the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are 'at stake' in the litigation,' and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." (citation omitted)); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Ninth Circuit has established 25 percent of total potential damages as a benchmark award for attorney's fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011); *see also Deaver v. BBVA Compass Consulting & Benefits, Inc.*, No. 13-cv-00222-JSC, 2014 WL 2199645, at *6, *8 (N.D. Cal. May 27, 2014) (accounting for attorney's fees by adding 25 percent of potential damages and penalties to amount in controversy); *Ford v. CEC Entm't, Inc.*, No. CV 14-01420 RS, 2014 WL 3377990, at *6 (N.D. Cal. July 10, 2014) (same); *Rodriguez v. Cleansource, Inc.*, No. 14-CV-0789-L(DHB), 2014 WL 3818304, at *4-5 (S.D. Cal. Aug. 4, 2014) (denying motion to remand where defendant showed potential damages of $4.2 million because attorneys' fees of 25 percent brought the total amount in controversy to $5.3 million). Potential attorneys' fees of 25 percent place at least an additional $2,541,262.50 in controversy here.

21.     In sum, the allegations in plaintiff's complaint seek penalties and attorneys' fees in excess of $5 million, and the amount in controversy is satisfied.

22.     <u>Venue</u>.  The United States District Court for the Northern District of California is the judicial district "embracing the place" where this action was filed by plaintiff and is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

23.     There are no grounds that would justify this Court in declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or requiring it to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

WHEREFORE, Home Depot requests that the above action now pending in the Superior Court of California, County of Los Angeles be removed to this Court. In the event the Court has any reason to question whether removal is proper, Home Depot requests the opportunity to provide briefing on the issue.

Respectfully submitted,

Dated: October 16, 2020

AKIN GUMP STRAUSS HAUER & FELD LLP

By  */S/ Donna M. Mezias*
Donna M. Mezias
Attorneys for defendant